COPY

FILED

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
        E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:  (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

2012 MAY 14  PM 2: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

OTTER PRODUCTS, LLC, a Colorado
Limited Liability Company,

        Plaintiff,

    v.

ONE CLICK ENTERPRISES 1, INC., a
New York Corporation; IGOR ZOMIN,
JR., an Individual; and DOES 1-10,
Inclusive,

        Defendants.

Case No.: CV12 04193 SJO (SHx)

**COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF:**

**(1) FEDERAL TRADEMARK
    INFRINGEMENT [15 *U.S.C.* §
    1114/*Lanham Act* §43(a)]
(2) FALSE DESIGNATION OF
    ORIGIN/UNFAIR
    COMPETITION/FALSE OR
    MISLEADING ADVERTISING
    [15 *U.S.C.* §1125(a)];
(3) TRADEMARK DILUTION [15
    *U.S.C.* §1125(c)];
(4) UNFAIR BUSINESS
    PRACTICES [*CALIFORNIA
    BUSINESS & PROFESSIONS***

*CODE* §17200];
**(5) UNJUST ENRICHMENT;**
**(6) DECLARATORY RELIEF.**

**[DEMAND FOR JURY TRIAL]**

COMES NOW, Plaintiff OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, (hereinafter "Plaintiff"), hereby allege as follows:

### PARTIES

1.     Plaintiff, is now, and was at the time of the filing of this Complaint and at all intervening times, a Colorado Limited Liability Company, duly authorized and licensed to conduct business in the State of Colorado, with its principal place of business in Fort Collins, Colorado.

2.     Plaintiff alleges, on information and belief, that Defendant ONE CLICK ENTERPRISES 1, INC. (hereinafter "ONE CLICK ENTERPRISES 1") is now, and was at the time of the filing of this Complaint, a New York Corporation with its principal place of business located at 501 Surf Avenue, #1-L, Brooklyn, New York 11224.

3.     Plaintiff alleges, on information and belief, that Defendant IGOR ZOMIN, JR. (hereinafter "ZOMIN") is now, and was at the time of the filing of this Complaint, an individual residing at 501 Surf Avenue, Apartment 16, Brooklyn, New York 11224.

4.     Defendants ONE CLICK ENTERPRISES 1 and ZOMIN conduct business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringe on the registered trademarks of Plaintiff.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious

1   names. When the true names and capacities of said Defendants have been

2   ascertained, Plaintiff will amend this pleading accordingly.

3       6.     Plaintiff is informed and believes and thereon allege that at all times

4   mentioned herein Defendants ONE CLICK ENTERPRISES 1, ZOMIN, and DOES

5   1-10, inclusive, and each of them, were the agents, servants and employees of

6   every other Defendant and the acts of each defendant, as alleged herein, were

7   performed within the course and scope of that agency, service or employment.

8       7.     Plaintiff further alleges that Defendants ONE CLICK ENTERPRISES

9   1, ZOMIN, and DOES 1-10, inclusive, sued herein by fictitious names, are jointly,

10  severally and concurrently liable and responsible with the named Defendants upon

11  the causes of action hereinafter set forth and shall henceforth be referred to

12  collectively as "Defendants."

13                    **JURISDICTION/VENUE**

14      8.     This Court has jurisdiction over the subject matter of the First and

15  Second Causes of Action (violation of the Lanham Act) pursuant to 15 U.S.C.

16  §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

17      9.     This Court has personal jurisdiction over Defendants since Defendants

18  have committed acts of trademark infringement and unfair competition in this

19  district and/or Defendants have sufficient minimum contacts with this district to

20  such that the exercise of jurisdiction over Defendants by this Court does not offend

21  traditional notions of fair play and substantial justice. Among other things,

22  Defendants have advertised, offered to sell and has sold products that infringe the

23  trademarks of Plaintiff to consumers within this judicial district. Defendants have

24  also offered to sell and actually sold counterfeit products (described more fully

25  below) using an interactive Internet website and knowing or having reason to know

26  that consumers throughout the United States, including within this judicial district,

27  would purchase said counterfeit goods from Defendants, believing that they were

28  authentic goods manufactured and distributed by Plaintiff or its authorized

- 3 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    manufacturers.

2         10.    Additionally, supplemental jurisdiction exists over Defendants

3    because, on information and belief, Defendants conduct business in California and

4    in this judicial district, and have purposefully directed action to California and this

5    district, or have otherwise availed themselves of the privileges and protections of

6    the laws of the State of California, such that this Court's assertion of jurisdiction

7    over Defendants does not offend traditional notions of fair play and due process.

8         11.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C.

9    §1391(b) because, on information and belief, a substantial part of the events or

10   omissions giving rise to these claims occurred in this judicial district, and has

11   caused damages to Plaintiff in this district. The counterfeit OTTERBOX®-

12   branded products were purchased from California and Defendants purposefully

13   shipped these counterfeit products into California. Moreover, the counterfeit

14   OTTERBOX®-branded products were paid with funds from a financial institution

15   in California, and the transaction was processed through PayPal, Inc. located in

16   California. Defendants' actions within this district directly interfere with and

17   damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's

18   goodwill within this Venue.

19                          **GENERAL ALLEGATIONS**

20        12.    Plaintiff, founded in 1998, is known as an innovator of protective

21   solutions for the leading global handheld manufacturers, wireless carriers and

22   distributors.

23        13.    Plaintiff is a leading retailer of and distributor of high-quality

24   protective cases, peripherals and accessories for portable electronic devices and

25   computers.

26        14.    Plaintiff develops and manufactures protective carrying cases

27   including but not limited to the following products such as the Apple iPhone®,

28   Apple iPad®, and Apple iPod Touch®; Smartphones including Blackberry®,

HTC®, Nokia®, Samsung®, LG® and Motorola® models; Personal Computer Laptops including Dell®; Tablet Cases for the Amazon Kindle®, eReader®, Palm® Cases, and Sony® Cases.

15. Plaintiff is continually striving to discover and develop new, advanced technologies and designs to meet the needs of the ever-advancing consumer electronics industry.

16. Plaintiff's OTTERBOX®-branded products have achieved an extraordinary reputation and have garnered extensive coverage by the media in reports about consumer electronics products.

17. Plaintiff has been recognized with various awards both locally and nationally. Plaintiff was selected as "The Best Mobile Case Brand" 2011 from About.com Reader's Choice; "Must Have gear for the fall and winter" by *National Geographic* "Gear of the Year" 2010 for Plaintiff's Defender® Series of products; 2010 Favorite Protective iPhone/iPad Case by TiPB Reader's Choice Award; TESSCO Technologies, Inc. Innovator Award – Top Honor for leading manufacturers in the mobile devices and accessories markets, for Plaintiff's Defender® Series of products, awarded at the "Innovation Showcase" in August 2010; Better Business Bureau "Torch Award for Business Ethics" – Plaintiff was recognized for outstanding commitment to practices that benefit their customers, suppliers, shareholders, employees and the surrounding community, honored in April 2010; 2009 *iProng Magazine* "iProng 50" top 50 iPhone and iPod accessories showcasing Plaintiff's Armor® Series of products for iPod and Defender® Series for iPhone 3G and iPhone 3GS.

18. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its marks. Plaintiff has spent an enormous amount of money on print and internet advertising in order to inform consumers of the benefits of Plaintiff's products. Through the extensive use of the Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its entire

1   product line.

2       19.   Plaintiff is the exclusive owner of federally-registered and common
3   Law trademarks. Plaintiff owns the following United States Trademark
4   Registrations for its "OTTERBOX" marks:  U.S. Reg. Nos. 2287619; 3791318;
5   3788535; and 3788534.  These are attached hereto as Exhibits A - D.

6       20.   Plaintiff also owns the following United States Trademark
7   Registration for its "WE'VE GOT TECHNOLOGY COVERED" mark: U.S. Reg.
8   No. 3865367.  This is attached hereto as Exhibit E.

9       21.   Similarly, Plaintiff owns the following U.S. Trademark Registration
10  for its "DEFENDER SERIES" mark:  U.S. Reg. No. 3623789.  This is attached
11  hereto as Exhibit F.

12      22.   Particularly in light of the success of Plaintiff's products, as well as
13  the outstanding reputation they have gained, Plaintiff and its products have become
14  targets for unscrupulous individuals and entities who wish to take a "free ride" on
15  the goodwill, reputation and fame Plaintiff has spent considerable effort and
16  resources to build up in their products and marks.

17      23.   At any given time, there are millions of items listed on the Internet
18  auction website "eBay," for bid or purchase by its more than one million registered
19  users.  Buyers have the option to purchase items in an auction-style format where
20  users bid on products or items can be purchased at a fixed price through a feature
21  referred to as "Buy It Now."   Using another eBay feature referred to as
22  "Feedback," users who have made a purchase on eBay are given the opportunity to
23  post positive, neutral or negative reviews in relation to their buying experience.
24  While feedback can give some indication of sales volume, empirical evidence
25  shows that actual sales far exceed the number of feedback entries a seller receives.

26      24.   Beginning on a date that is currently unknown to Plaintiff and
27  continuing to the present, Defendants have, without the consent of Plaintiff,
28  offered to sell and sold within the United states (including within this judicial

- 6 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

district) goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the Marks. On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

25.    Defendants maintain and operate a storefront or webpage on eBay.com under the username "oriongadgets." Through this webpage, Defendants regularly and systematically advertised, marketed, distributed, offered for sale, and sold products bearing unauthorized OTTERBOX® and DEFENDER SERIES® registered trademarks. As of May 4, 2012, Defendants' webpage showed at least 5,120 prior sales of OTTERBOX®-branded products with a total 22,428 units listed for sale. Indeed, Defendants' webpage shows over 10,846 feedbacks from various purchasers.

26.    Through such business activities, Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit OTTERBOX®-branded products in California, Plaintiff would not have been able to make a purchase of the subject product.

27.    On April 9, 2012, in its ongoing investigation of counterfeit sales of OTTERBOX®-branded products, from the State of California, Plaintiff purchased a "Apple iPhone 4 OtterBox Defender Case Only (Red on Black) W/ OUT Belt Clip" from Defendants, for a cost of $27.00, which was paid via the PayPal electronic payment account of Plaintiff. A true and correct copy of the website purchase receipt for the counterfeit item is attached hereto as Exhibit G.

28.    The product purchased from Defendants was inspected by Plaintiff in California to determine authenticity. Plaintiff's inspection of the purchased item

1  using security measures confirmed that the item Defendants sold was in fact a
2  counterfeit "Apple iPhone 4 OtterBox Defender Case Only (Red on Black) W/
3  OUT Belt Clip."

4      29.    Defendants willfully use images and names confusingly similar or
5  identical to Plaintiff's Marks to confuse consumers and aid in the promotion and
6  sales of its unauthorized and counterfeit product.  Defendants' willful use of
7  Plaintiff's Marks include importing, advertising, displaying, distributing, selling
8  and/or offering to sell unauthorized copies of Plaintiff's "Apple iPhone 4 OtterBox
9  Defender Case Only (Red on Black) W/ OUT Belt Clip."  Defendants' use of
10 Plaintiff's Marks began long after Plaintiff's adoption and use of its trademarks,
11 and after Plaintiff obtained the trademark registrations alleged above.  Neither
12 Plaintiff nor any authorized agents have consented to Defendants use of Plaintiff's
13 Marks.

14     30.    Defendants' actions have confused and deceived, or threatened to
15 confuse and deceive, the consuming public concerning the source and sponsorship
16 of the counterfeit "Apple iPhone 4 OtterBox Defender Case Only (Red on Black)
17 W/ OUT Belt Clip" sold and distributed by Defendants.  By their wrongful conduct,
18 Defendants have traded upon and diminished Plaintiff's goodwill.  Furthermore,
19 the sale and distribution of counterfeit goods by Defendants have infringed upon
20 Plaintiff's federally registered trademarks.

21     31.    Defendants' offering to sell, selling, importing and encouraging others
22 to import Counterfeit Goods in this manner was and is likely to cause confusion or
23 mistake and/or to deceive consumers who purchase the Counterfeit Goods.

24     32.    Defendants also offered to sell, sold, imported, and/or encouraged
25 others to import for the purpose of resale within the United States, Counterfeit
26 Goods consisting of reproductions and/or copies of products bearing Plaintiff's
27 Marks. Defendants' use of such Marks was done without Plaintiff's authorization.

28     33.    Specifically, on information and belief, Defendants have sold

1  significant quantities of counterfeit OTTERBOX®-branded products within
2  California and within this jurisdiction. Furthermore, Plaintiff is confident that
3  throughout the discovery process, documentary evidence will confirm said
4  allegations.

5       34.    Plaintiff has never authorized or consented to Defendants' use of
6  Plaintiff's OTTERBOX®-branded products or other Trademarks, or any
7  confusingly similar marks, colorable imitations, or copied or derivative works by
8  Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, sell,
9  import, market, or distribute any OTTERBOX®-branded products.

10                        **FIRST CAUSE OF ACTION**
11  **(Trademark Infringement Against Defendants ONE CLICK ENTERPRISES**
12                  **1, ZOMIN, and DOES 1-10, Inclusive)**
13                  **[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

14      35.    Plaintiff hereby incorporates by reference each of the other allegations
15  set forth elsewhere in this Complaint as though fully set forth in this cause of
16  action.

17      36.    Defendants' actions as described herein constitute direct and/or
18  contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

19      37.    As a proximate result of Defendants' trademark infringement,
20  Plaintiff has been damaged in an amount to be proven at trial.  Further, Plaintiff
21  alleges, on information and belief, that as a proximate result of Defendants'
22  trademark infringement, Defendants have unlawfully profited in an amount to be
23  proven at trial.

24      38.    At all relevant times, Defendants acted intentionally and/or willfully
25  in using the Marks on the Counterfeit Goods, knowing that the Marks belonged to
26  Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendants
27  were not authorized to use the Marks on the Counterfeit Goods.  Plaintiff is
28  therefore entitled to recovery of treble damages pursuant to 15 *U.S.C.* §1117(a).

1   Further, Defendants' knowing, intentional and/or willful actions make this an
2   exceptional case, entitling Plaintiff to an award of reasonable attorney fees
3   pursuant to 15 *U.S.C.* §1117(a).

4       39.    Defendants' actions also constitute the use by Defendants of one or
5   more "counterfeit mark" as defined in 15 *U.S.C.* §1116(d)(1)(B). Plaintiff therefore
6   reserves the right to elect, at any time before final judgment is entered in this case,
7   an award of statutory damages pursuant to 15 *U.S.C.* §1117(c)(1) and/or (2).

8       40.    The acts of direct and/or contributory trademark infringement
9   committed by Defendants have caused, and will continue to cause Plaintiff
10  irreparable harm unless they are enjoined by this Court.

11              **SECOND CAUSE OF ACTION**

12    **(False Designation of Origin, False or Misleading Advertising Against**

13  **Defendants ONE CLICK ENTERPRISES 1, ZOMIN, and DOES 1-10,**

14                        **Inclusive)**

15              **[15 *U.S.C.* §1125 (a)]**

16      41.    Plaintiff hereby incorporate by reference each of the other
17  allegations set forth elsewhere in this Complaint as thought fully set forth in this
18  cause of action.

19      42.    Defendants' actions as described herein constitute direct and/or
20  contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to
21  cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,
22  or association of Defendants with Plaintiff and/or as to the origin, sponsorship,
23  and/or approval of such Counterfeit Goods by Plaintiff.

24      43.    As a proximate result of Defendants' violation as described herein,
25  Plaintiff has been damaged in an amount to be proven at trial.  Further, Plaintiff
26  alleges on information and belief that, as a proximate result of Defendants' direct
27  and/or contributory trademark infringement, Defendants have unlawfully profited,
28  in an amount to be proven at trial.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

44.   Defendants' acts of violating, directly and/or contributorily, section 1125 have caused, and will continue to cause Plaintiff irreparable harm unless they are enjoined by this Court.

### THIRD CAUSE OF ACTION

**(Dilution Against Defendants ONE CLICK ENTERPRISES 1, ZOMIN, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

45.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

46.   Plaintiff's Marks are distinctive and famous within the meaning of the Lanham Act.

47.   Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Marks.  Defendants' conduct is willful, wanton and egregious.

48.   Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure the business reputation of Plaintiff and its Marks.

49.   Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

50.   As the acts alleged herein constitute a willful violation of section

43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unfair Competition Against Defendants ONE CLICK ENTERPRISES 1, ZOMIN, and DOES 1-10, Inclusive)**

**California Bus. & Professional Code §17200 *et seq.***

51.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

52.   Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to *California Business & Professionals Code* §17200.

53.   As a proximate result of Defendants' actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its Marks. Plaintiff therefore has standing to assert this claim pursuant to *California Business & Professions Code* §17204.

54.   Defendants' actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to *California Business & Professions Code* §17203. In addition, Plaintiff requests that the Court order that Defendants disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Plaintiff in an amount to be proven at trial.

///

///

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment Against Defendants ONE CLICK ENTERPRISES 1, ZOMIN, and DOES 1-10, Inclusive)

55.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

56.   By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

57.   Defendants' retention of monies gained through its deceptive business practices, infringement, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendants ONE CLICK ENTERPRISES 1, ZOMIN, and DOES 1-10, inclusive, and each of them as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's Marks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

6. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

9. For damages in an amount to be proven at trial for unjust enrichment;

10. For an award of exemplary or punitive damages in an amount to be determined by the Court;

11. For Plaintiff's reasonable attorney's fees;

12. For all costs of suit; and

13. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

1

## **DEMAND FOR JURY TRIAL**

Plaintiff OTTER PRODUCTS, LLC respectfully demands a trial by jury in this action.

DATED: May 14, 2012

JOHNSON & PHAM, LLP

By: _____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Ani S. Garibyan, Esq.
Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# Exhibit A

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

## United States Patent and Trademark Office

Reg. No. 2,287,619

Registered Oct. 19, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## OTTER BOX

OTTER PRODUCTS, LLC (COLORADO LIMIT-
ED LIABILITY COMPANY)
316 SOUTH LINK LANE
FT. COLLINS, CO 80524

FOR: NON-METAL, WATER-TIGHT CON-
TAINERS FOR OUTDOORS RECREATIONAL
USE, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 11-10-1997; IN COMMERCE
6-9-1998.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BOX", APART FROM THE
MARK AS SHOWN.

SER. NO. 75-517,846, FILED 7-13-1998.

JAMES PACIOUS, EXAMINING ATTORNEY

# Exhibit B



# United States of America
## United States Patent and Trademark Office

**Reg. No. 3,791,318**

**Registered May 18, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

OTTER PRODUCTS LLC (COLORADO LIMITED LIABILITY COMPANY)
BUILDING 1
OLD TOWN SQUARE, SUITE 303
FORT COLLINS, CO 80524

FOR: PROTECTIVE CASES FOR HANDHELD ELECTRONIC DEVICES, NAMELY, PORT-ABLE MUSIC PLAYERS, PORTABLE VIDEO PLAYERS, CELL PHONES AND COMPUTERS; SPECIALLY ADAPTED PROTECTIVE CARRYING CASES FOR COMPUTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-27-2008; IN COMMERCE 12-27-2008.

THE MARK CONSISTS OF AN OTTER ON ITS BACK IN THE WATER WITH ITS HEAD TURNED, ITS HANDS ARE ON ITS CHEST AND ITS FEET ARE STICKING OUT OF THE WATER.

SN 77-723,402, FILED 4-27-2009.

IRA J. GOODSAID, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# Exhibit C

# United States of America

## United States Patent and Trademark Office

# OTTER BOX

**Reg. No. 3,788,535**
**Registered May 11, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

OTTER PRODUCTS LLC (COLORADO LIMITED LIABILITY COMPANY)
BUILDING 1
OLD TOWN SQUARE, SUITE 303
FORT COLLINS, CO 80524

FOR: PROTECTIVE CASES FOR HANDHELD ELECTRONIC DEVICES, NAMELY, PORT-
ABLE MUSIC PLAYERS, PORTABLE VIDEO PLAYERS, CELL PHONES AND COMPUTERS;
SPECIALLY ADAPTED PROTECTIVE CARRYING CASES FOR COMPUTERS, IN CLASS
9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-27-2008; IN COMMERCE 12-27-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,287,619.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BOX", APART FROM THE
MARK AS SHOWN.

SN 77-723,383, FILED 4-27-2009.

IRA J. GOODSAID, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# Exhibit D

# United States of America

## United States Patent and Trademark Office

# OTTERBOX

**Reg. No. 3,788,534**

**Registered May 11, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

OTTER PRODUCTS LLC (COLORADO LIMITED LIABILITY COMPANY)
BUILDING 1
OLD TOWN SQUARE, SUITE 303
FORT COLLINS, CO 80524

FOR: PROTECTIVE CASES FOR HANDHELD ELECTRONIC DEVICES, NAMELY, PORT-ABLE MUSIC PLAYERS, PORTABLE VIDEO PLAYERS, CELL PHONES AND COMPUTERS; SPECIALLY ADAPTED PROTECTIVE CARRYING CASES FOR COMPUTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-27-2007; IN COMMERCE 9-27-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,287,619.

SN 77-723,375, FILED 4-27-2009.

IRA J. GOODSAID, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# Exhibit E

# United States of America
## United States Patent and Trademark Office

## WE'VE GOT TECHNOLOGY
## COVERED

**Reg. No. 3,865,367**

**Registered Oct. 19, 2010**

**Int. Cls.: 9 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

OTTER PRODUCTS, LLC (COLORADO LIMITED LIABILITY COMPANY)
SUITE 303
BUILDING 1, OLD TOWN SQUARE
FORT COLLINS, CO 80524

FOR: PROTECTIVE CASES FOR INTERACTIVE, HANDHELD ELECTRONIC DEVICES NAMELY, PORTABLE MUSIC PLAYERS, PORTABLE VIDEO PLAYERS, PHONES AND COMPUTERS; PROTECTIVE CARRYING CASES SPECIALLY ADAPTED FOR PORTABLE MUSIC PLAYERS, PORTABLE VIDEO PLAYERS, PHONES AND COMPUTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-11-2009; IN COMMERCE 6-11-2009.

FOR: PROTECTIVE CASES FOR INTERACTIVE, HANDHELD ELECTRONIC DEVICES, NAMELY, PORTABLE VIDEO PLAYERS IN THE NATURE OF HANDHELD VIDEO GAMES; PROTECTIVE CARRYING CASES SPECIALLY ADAPTED FOR PORTABLE VIDEO PLAYERS IN THE NATURE OF HANDHELD VIDEO GAMES , IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 6-11-2009; IN COMMERCE 6-11-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-757,361, FILED 6-11-2009.

MICHAEL WIENER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**Exhibit F**

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 3,623,789
Registered May 19, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# DEFENDER SERIES

OTTER PRODUCTS. LLC (COLORADO LIMITED
LIABILITY COMPANY)
SUITE 303
BUILDING 1, OLD TOWN SQUARE
FORT COLLINS, CO 80524

FOR: PROTECTIVE CASES FOR INTERACTIVE,
HANDHELD ELECTRONIC DEVICES, NAMELY,
PORTABLE MUSIC PLAYERS, PORTABLE VIDEO
PLAYERS AND TABLET COMPUTERS, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-27-2008; IN COMMERCE 12-27-2008.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SERIES", APART FROM THE
MARK AS SHOWN.

SN 77-280,987, FILED 9-17-2007.

ERNEST SHOSHO, EXAMINING ATTORNEY

# Exhibit G

**PayPal**

| My Account | Send Money | Request Money | Merchant Services | Products & Services |

Overview  Add Money  Withdraw  History  Statements  Resolution Center  Profile

## Transaction Details

Express Checkout Payment Sent (Unique Transaction ID #04Y46910SY249731E)

### Original Transaction

| Date | Type | Status | Details | Amount |
|---|---|---|---|---|
| Apr 9, 2012 | Payment To One Click Enterprise 1 Inc | Completed | ... | -$27.00 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|---|---|---|---|---|
| Apr 9, 2012 | Charge From Credit Card | Completed | Details | $27.00 USD |

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|---|---|---|---|
| 1 | Apple iPhone 4 OtterBox Defender Case Only (Red on Black) W/ OUT Belt Clip Item # 170516103002 | | $27.00 USD |
| | | Amount | $27.00 USD |

**Business Contact Information**

Customer Service URL: http://www.oriongadgets.com
Customer Service Email: support@oriongadgets.com
Customer Service Phone: 718-407-4522

Item Total: $27.00 USD
Sales Tax:
Shipping: $0.00 USD
Seller discount or charges: $0.00 USD

Total amount: -$27.00 USD
Fee amount: $0.00 USD
Net amount: -$27.00 USD
Date: Apr 9, 2012
Time: 13:20:25 PDT
Status: Completed

Insurance: $0.00 USD

Shipping Address: see Jay
23679 Calabasas Rd
Apt 758
Calabasas, CA 91302-1502
United States
[Confirmed] ?

Payment To: One Click Enterprise 1 Inc   (The recipient of this payment is Verified)
Seller's ID: oriongadgets
Seller's Email: paypal@oriongadgets.com

Funding Type: Credit Card
Funding Source: $27.00 USD - MasterCard Card XXXX-XXXX-XXXX-2851

This credit card transaction will appear on your bill as "PAYPAL *ORIONGADGET".

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.
Description: Shopping Cart

[ Return to My Account ]

Copyright © 1999-2012 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 4193 SJO (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
Christopher Q. Pham, SBN: 206697
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Tel. No.: (818) 888-7540, Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, | CASE NUMBER |
|---|---|
| PLAINTIFF(S)  v.  ONE CLICK ENTERPRISES 1, INC., a New York Corporation; IGOR ZOMIN, JR., an Individual; and DOES 1-10, Inclusive, | **CV12 04193 SJO (SHx)** |
| DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): ONE CLICK ENTERPRISES 1, INC., a New York Corporation; IGOR ZOMIN, JR., an Individual; and DOES 1-10, Inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Christopher Q. Pham, Esq. _____, whose address is 6355 Topanga Canyon Boulevard, Suite 326, Woodland Hills, California 91367 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __5/14/12__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)   SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>OTTER PRODUCTS, LLC, a Colorado Limited Liability Company | DEFENDANTS<br>ONE CLICK ENTERPRISES 1, INC., a New York Corporation; IGOR ZOMIN, JR., an Individual; and DOES 1-10, Inclusive. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Blvd, Suite 326, Woodland Hills, CA 91367<br>Tel. No.: (818) 888-7540, Fax: (818) 888-7544 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes   ☒ No          □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. Section 1114/Lanham Act Section 32(a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | | □ 510 Motions to | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 370 Other Fraud | Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 371 Truth in Lending | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 380 Other Personal Property Damage | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | | □ 362 Personal Injury-Med Malpractice | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | IMMIGRATION | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 462 Naturalization Application | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 463 Habeas Corpus-Alien Detainee | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 465 Other Immigration Actions | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:    Case Number:** _____    **CV12   04193**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
             ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
             ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
             ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note: In land condemnation cases, use the location of the tract of land involved**

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 05/14/2012

     **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |