1   JOHNSON & PHAM, LLP
2   Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
3   Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
4   Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
5
    Ani S. Garibyan, SBN: 274846
6       E-mail: agaribyan@johnsonpham.com
7   6355 Topanga Canyon Boulevard, Suite 326
    Woodland Hills, California 91367
8   Telephone:  (818) 888-7540
9   Facsimile:   (818) 888-7544

10
    Attorneys for Plaintiff
11  OTTER PRODUCTS, LLC

12
13  TIAJALOFF & KELLY LLP
    Edward P. Kelly
14      E-mail: ekelly@tkiplaw.com
15  The Chrysler Building 37th Floor
    405 Lexington Avenue
16  New York, New York 10174

17
    Attorneys for Plaintiff
18  ONE CLICK ENTERPRISES 1, INC., and IGOR ZOMIN, JR.

19              **UNITED STATES DISTRICT COURT**
20
21            **CENTRAL DISTRICT OF CALIFORNIA**

22
23  OTTER PRODUCTS, LLC, a Colorado          Case No.: CV12-04193 SJO (SHx)
    Limited Liability Company,
24                                           **JOINT RULE 26(f) REPORT**
25              Plaintiff,
                                             Scheduling Conference:
26          v.
                                             Date:       September 10, 2012
27                                           Time:       8:30 a.m.
    ONE CLICK ENTERPRISES 1, INC., a         Courtroom:  Courtroom 1
28  New York Corporation; IGOR ZOMIN,        Hon. S. James Otero

                                    1
                        **JOINT RULE 26(F) REPORT**

1   JR., an Individual; and DOES 1-10,
    Inclusive,
2
3                          Defendants.
4
5        Counsel for Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") and Defendants
6   ONE CLICK ENTERPRISES 1, INC. and IGOR ZOMIN, JR. ("Defendants") hereby
7   submit this Joint Report and propose the following Report of Parties' Planning
8   Meeting which took place over the period of August 24 – August 27, between Ani S.
9   Garibyan, Esq. for Plaintiff and Edward P. Kelly, Esq. for Defendants.  The positions
10  set forth in this report are based on counsels' current understanding of the legal and
11  factual issues involved in the case.   The parties acknowledge that as discovery
12  proceeds and the case progresses, the beliefs and views set forth herein may change or
13  evolve.

14  I.   **STATEMENT OF THE CASE**

15       1.   **PLAINTIFF'S CONTENTIONS**

16       Plaintiff is a limited liability company founded in Fort Collins, Colorado in 1998
17  as a form fit case company.  Plaintiff is a leading retailer of and distributor of high-
18  quality protective cases, peripherals and accessories for portable electronic devices,
19  such as cellular phones and computers. Plaintiff develops and manufactures protective
20  carrying cases including but not limited to the following products such as the Apple
21  iPhone®, Apple iPad®, and Apple iPod Touch®; Smartphones including
22  Blackberry®, HTC®, Nokia®, Samsung®, LG® and Motorola® models; Personal
23  Computer Laptops including Dell®; Tablet Cases for the Amazon Kindle®, eReader®,
24  Palm® Cases, and Sony® Cases. Plaintiff is one of the leading companies in their
25  industry and has gained numerous awards and recognition for its innovative products
26  and designs. Plaintiff is continually striving to discover and develop new, advanced
27  technologies and designs to meet the needs of the ever-advancing consumer electronics
28  industry. Plaintiff's OTTERBOX®-branded products have achieved an extraordinary

1 reputation and have garnered extensive coverage by the media in reports about
2 consumer electronics products.

3     Plaintiff has spent substantial time, money and effort in developing consumer
4 recognition and awareness of its marks.  Plaintiff has spent an enormous amount of
5 money on print and internet advertising in order to inform consumers of the benefits of
6 Plaintiff's products.  Through the extensive use of the Plaintiff's marks, Plaintiff has
7 built up and developed significant goodwill in its entire product line.  Plaintiff is the
8 exclusive owner of federally-registered and common law trademarks, including, but
9 not limited to the following United States Trademark Registrations (collectively,
10 "Plaintiff's Trademarks"): OTTERBOX® marks: U.S. Reg. Nos. 2287619; 3791318;
11 3788535; 3788534; WE'VE GOT TECHNOLOGY COVERED® mark: U.S. Reg. No.
12 3865367; and DEFENDER SERIES® mark: U.S. Reg. No. 3623789.

13     On April 9, 2012, in its ongoing investigation of counterfeit sales of
14 OTTERBOX®-branded products, from the State of California, Plaintiff purchased a
15 "Apple iPhone 4 OtterBox Defender Case Only (Red on Black) W/ OUT Belt Clip"
16 from Defendants, for a cost of $27.00, which was paid via the PayPal electronic
17 payment account of Plaintiff. The product purchased from Defendants was inspected
18 by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased item
19 using security measures confirmed that the item Defendants sold was in fact a
20 counterfeit "Apple iPhone 4 OtterBox Defender Case Only (Red on Black) W/ OUT
21 Belt Clip."

22     Plaintiff contends that Defendants intentionally and knowingly confused
23 consumers by advertising, offering for sale, selling, and distributing a large quantity of
24 counterfeit OTTERBOX®-branded products bearing Plaintiff's marks on eBay.com
25 under seller ID "oriongadgets."  Plaintiff further contends that Defendants infringed
26 upon Plaintiff's trademarks, logos, word marks, artwork and designs.  Plaintiff also
27 contends that Defendants' willful infringement has diluted and tarnished Plaintiff's
28 famous OTTERBOX® marks, and that Defendants were unjustly enriched by their

1  actions which constitute unfair business practices. Finally, Plaintiff also contends that
2  said actions have and will continue to injure the business reputation and goodwill of
3  Plaintiff's Trademarks.

4      2.    **<u>DEFENDANTS' CONTENTIONS</u>**

5      Defendants sell accessories for mobile devices. At all times, Defendants
6  purchased it products from authorized sellers and sellers Defendants believed to be
7  credible and reliable suppliers. Defendants have no prior complaints and have
8  outstanding feedback and reviews with respect to its customer relationships and
9  business dealings, including its ratings and reviews on online markets such as eBay.
10 Defendants purchase and sell authorized products and at no time did Defendant
11 intentionally sell any counterfeit products or any products Defendants believed
12 would infringe Plaintiff's intellectual property rights, including Plaintiff's trademark
13 rights. Plaintiff has made no evidentiary showing whatsoever that the product
14 allegedly purchased by Plaintiff is in fact counterfeit - nor has Plaintiff provided any
15 evidence that if the product was indeed purchased from Defendants and are
16 counterfeit, that Defendants have sold other counterfeit products or engage in the
17 sale of counterfeit products other than the alleged single sale.

18     Defendants have raised the following additional defenses:

19
20     1.    The Complaint fails to state a claim upon which relief may be granted.
21     2.    The claims asserted in the Complaint are barred by the doctrine of waiver,
22 laches and/or estoppel.
23     3.    Defendants have at all times acted in good faith.
24     4.    Defendants are without knowledge of any rights Plaintiff's may have in
25 the claimed trademarks.
26     5.    The claims asserted in the Complaint are barred by their corresponding
27 statute of limitations.
28 ///

6.      Without admitting that the Complaint states a claim, there has been no damage in any amount or manner by reason of any act alleged against Defendants in the Complaint, and therefore, the relief prayed for in the Amended Complaint cannot be granted.

7.      Defendants have not infringed the respective trademarks under federal or state law.

8.      Plaintiff's damages, if any, were not caused by Defendant.

9.      Plaintiff is barred in whole or in part by virtue of liability being upon other individuals or entities over whom Defendants had no control or duty to control.

10.     The claims asserted in the Complaint are barred by Plaintiff's unclean hands and wrongful conduct.

11.     This Court lacks personal jurisdiction over Defendants.

12.     Venue in this judicial district is not proper.

Defendants reserve the right to assert additional defenses based on additional discovery.

## II. DISCOVERY PLAN AND PROPOSED DATES

### 1.      DISCLOSURES

Except as proposed by Defendants in Section VI below, the parties propose that no changes should be made to the form or requirement for disclosures under Rule 26(a). The parties will make their Initial Disclosures no later than **September 28, 2012**.

### 2.      DISCOVERY

Plaintiff and Defendants propose that discovery should be completed by **May 28, 2013**, that discovery will not be conducted in phases, and that discovery should not be limited to or focused on any particular issues.

At this time, Plaintiff anticipates needing discovery on the following subjects:

(a)      Defendants' use of Plaintiff's OTTERBOX® marks, in commerce.

/ / /

(b)    Defendants' source of goods in relation to counterfeit OTTERBOX® products.

(c)    Documents relating to whether there is a likelihood of confusion between the products sold by Defendants' and Plaintiff's products.

(d)    Damages (i.e. Defendants' gross receipts and net profits from the sale of counterfeit OTTERBOX® products; Plaintiff's lost profits).

(e)    Whether Defendants acted willfully and/or with knowledge/intent.

(f)    Whether Defendants acted alone in purchasing, importing, offering for sale, selling, and/or distributing counterfeit OTTERBOX® products.

(g)    Defendants' sales venues including but not limited to eBay.com, seller ID "oriongadgets."

Defendants anticipate needing discovery on the following subjects:

(a) The validity of the trademark rights asserted by Plaintiff and all allegations made in Plaintiff's complaint;

(b) The counterfeit nature of the product allegedly purchased from Defendants by Plaintiff, including any information or allegations from experts and non-experts;

(c) Plaintiff's allegation that Defendants acted willfully in selling the allegedly infringing product, including information Plaintiff may have regarding Defendants' suppliers or Defendants' prior dealing with any counterfeit products.

(d) The damages allegedly incurred by Plaintiff as a result of the allegations stated in the complaint.

## 3.    LIMITATIONS ON DISCOVERY

Plaintiff and Defendants will seek a protective order with respect to production of sensitive, confidential business and/or trade secret information, if requested.  The parties do not currently propose any other changes to the limitations on discovery proposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

4. **EXPERT DISCOVERY**

The parties agree that expert discovery and disclosures shall be governed by Rule 26(a)(2).

## III.  ADDITIONAL PARTIES

Plaintiff may amend the Complaint to join additional parties who are identified as suppliers and/or sellers of the products at issue, if any.  Plaintiff plans to file the Amended Complaint, if any, no later than **30 days from the Scheduling Conference.** Defendant may need to implead other parties.

## IV.  MANUAL FOR COMPLEX LITIGATION

No part of the procedures of the Manual for Complex Litigation should be utilized.

## V.  MOTIONS

Plaintiff will likely file a Motion for Summary Judgment and/or Adjudication prior to the last day for filing/hearing dispositive motions.  Defendants may file a Motion for Summary Judgment based on the outcome of discovery.

## VI.  SETTLEMENT

Counsel for Plaintiff and Defendants are presently engaged in early settlement discussions in an effort to resolve this litigation, but have not reached a resolution as of this date.  Currently, Defendants are compiling an accounting of their sales and purchases of purported OTTERBOX® products. The parties are agreeable to **Settlement Procedure Number 2** for settlement proceedings. Defendants request that such settlement procedure occur at an early date and that Plaintiff produce the alleged report detailing the alleged counterfeit nature of the product purchased from Defendants by Plaintiff for purposes of this settlement conference.

## VII.  TRIAL

The parties have requested a jury trial.  The estimated length for trial is five (5) days, depending on the number of defendants at trial.

/ / /

**VIII. <u>MAGISTRATE JUDGES</u>**

The parties do not wish to have a magistrate judge preside.

**IX. <u>NO UNUSUAL LEGAL ISSUES</u>**

The parties do no foresee any unusual legal issues.

**X. <u>SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF</u>**

The parties do not intend to move for severance, bifurcation or other ordering of proof.

/ / /

### DISTRICT JUDGE S. JAMES OTERO

#### SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: 5 Days | 9:00 a.m. | | 08/26/2013 | 08/26/2013 | |
| Final PreTrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List; Exhibit List; and Trial Brief | 9:00 a.m. | 8 days before trial | 08/16/2013 | 08/16/2013 | |
| Last Day for Hearing Motions | | 45 days before trial | 07/12/2013 | | |
| Discovery Cut-Off | | 90 days before trial | 05/28/2013 | | |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice: (1) CT/USMJ (2) ATTY (3) Outside ADR (4) Trial Court

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Last Day to Conduct Settlement Conference | 9:00 a.m. | 3 weeks prior to pretrial conference | 08/26/2013 | 08/26/2013 | |
| Last Day to Amend Pleadings or Add Parties | 9:00 a.m. | Within 30 days from scheduling conference | 08/16/2013 | 08/16/2013 | |

**JOINT RULE 26(F) REPORT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:   August 27, 2012        JOHNSON & PHAM, LLP

                                By: _____
                                    Ani S. Garibyan, Esq.
                                    Attorneys for Plaintiff
                                    OTTER PRODUCTS, LLC

DATED:   August 27, 2012        TIAJALOFF & KELLY, LLP

                                By: _____
                                    Edward P. Kelly, Esq.
                                    Attorney for Defendants
                                    ONE CLICK ENTERPRISES 1, INC. and
                                    IGOR ZOMIN, JR.

1

**PROOF OF SERVICE**

2        I am a resident of the State of California, over the age of eighteen years, and
not a party to the within action. My business address is Johnson & Pham 6355
3   Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On August 27,
2012, I served the within document(s):

4

**JOINT RULE 26(F) REPORT**

5

6        ☐        FACSIMILE - by transmitting via facsimile the document(s) listed
above to the fax number(s) set forth on the attached
7              Telecommunications Cover Page(s) on this date before 5:00 p.m.

8        ☒        MAIL - by placing the document(s) listed above in a sealed envelope
with postage thereon fully prepaid, in the United States mail at Los
9              Angeles, California addressed as set forth below.

        ☐        PERSONAL SERVICE - by personally delivering the document(s)
10             listed above to the person(s) at the address(es) set forth below.

11       ☐        OVERNIGHT COURIER - by placing the document(s) listed above
in a sealed envelope with shipping prepaid, and depositing in a
12             collection box for next day delivery to the person(s) at the address(es)
set forth below via UNITED PARCEL SERVICE.

13
Edward P. Kelly
14   TIAJALOFF & KELLY LLP
Chrysler Building, 37th Floor
15   405 Lexington Avenue
16   New York, New York 10174

17

18       I am readily familiar with the firm's practice of collection and processing
19   correspondence for mailing. Under that practice it would be deposited with the
U.S. Postal Service on that same day with postage thereon fully prepaid in the
20   ordinary course of business. I am aware that on motion of the party served,
service is presumed invalid if postal cancellation date or postage meter date is
21   more than one day after date of deposit for mailing in affidavit.

22       I declare that I am employed in the office of a member of the bar of this
23   court at whose direction the service was made.

24       Executed on August 27, 2012, at Los Angeles, California.

25

26                                                EDIT AVAKIAN

27

28

LA/e09087v1