```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION



OTTER PRODUCTS, LLC,           )  CASE NO: CV-12-04193-SJO(SHx)
                               )
            Plaintiff,         )          CIVIL
                               )
     vs.                       )    Los Angeles, California
                               )
ONE CLICK ENTERPRISES 1, INC.,)   Monday, September 10, 2012
ET AL.,                        )
                               )     (9:02 a.m. to 9:08 a.m.)
            Defendants.        )


              SCHEDULING CONFERENCE - FED.R.CIV.P26(f)

              BEFORE THE HONORABLE S. JAMES OTERO,
                  UNITED STATES DISTRICT JUDGE



Appearances:              See Next Page

Court Recorder:           Margarita Ramirez

Courtroom Clerk:          Christine Chung

Transcriber:              Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiff:                ANI SAKALIAN GARIBYAN, ESQ.
                          Johnson and Pham, LLP
                          6355 Topanga Canyon Boulevard
                          Suite 326
                          Woodland Hills, CA 91367

Defendants:               EDWARD P. KELLY, ESQ.
                          Tiajoloff and Kelly, LLP
                          405 Lexington Avenue
                          New York, NY 10174

                          EDWARD C. SCHEWE, ESQ.
                          Schewe and Associates
                          1600 Rosecrans Avenue
                          Manhattan Beach, CA 90266

1 **Los Angeles, California; Monday, September 10, 2012; 9:02 a.m.**

2 **(Call to Order)**

3     **THE CLERK:** Calling Item Number 7, CV 12-4193 SJO:

4 *Otter Products, LLC versus One Click Enterprises 1, Inc., et*

5 *al.*

6     Counsel, please state your appearances.

7     **MS. SAKALIAN GARIBYAN:** Good morning, your Honor.

8 Ani Sakalian Garibyanon behalf of plaintiff.

9     **MR. KELLY:** Good morning, your Honor. Edward P.

10 Kelly of Tiajoloff and Kelly on behalf of One Click Enterprises

11 and Egor Zelman (phonetic), the defendants, and with me is

12 Edward Schewe of Los Angeles.

13     **THE COURT:** Okay. The matter is here for scheduling

14 conference. The parties in their 26-F report indicate that

15 they've been discussing resolution or settlement of the case.

16     Have you made any progress towards that?

17     **MS. SAKALIAN GARIBYAN:** Yes, your Honor, we have made

18 progress. Defendant has provided us with accounting

19 documentation evidencing all the purchases and sales of the

20 allegedly infringing products and we are currently in the

21 process of verifying the source of the products they obtained

22 and calculating the amount of sales.

23     **MR. KELLY:** Your Honor, may I be heard on that?

24     **THE COURT:** Yes.

25     **MR. KELLY:** Yes, we have turned over -- in order to

1   seek an early resolution -- our client is a legitimate
2   businessman.  He has nothing to hide.  In order to seek an
3   early resolution, we have turned over voluminous records of all
4   of our purchases and sales and we think the case would really
5   benefit from an early ADR and mediation number two as early as
6   possible because we have no evidence that the one product that
7   the plaintiff says was counterfeit is in fact counterfeit.  We
8   have no evidentiary evidence.  We've never seen it and we're
9   not at that stage yet but we should be at that stage before we
10  do anything else.
11           **THE COURT:**  How many products are at issue, one?
12           **MS. SAKALIAN GARIBYAN:**  The one that was purchased
13  was a counterfeit and there's in excess of --
14           **MR. KELLY:**  Well, we -- they're covers for Iphones.
15           **THE COURT:**  Yes.
16           **MR. KELLY:**  And so you tend to send a lot of -- sell
17  a lot of them but the only thing at issue in the complaint is
18  that an investigator bought one cover that's allegedly
19  counterfeit and we have asked the plaintiff why it's
20  counterfeit and we have got no explanation.
21           **MS. SAKALIAN GARIBYAN:**  Your Honor, we have invited
22  counsel for defendants over to our office, Mr. Schewe, local
23  counsel, a couple of times.  We've sent defendant pictures of
24  the product.  We've allowed them to come into our office and
25  review and look at the product and we would have no issue

1   either issuing a declaration by plaintiff's brand protection

2   manager pursuant to a protective order because they're certain

3   markers on the product, security measures that they use, that

4   they would not want to be public knowledge.

5        **THE COURT:**  Okay.  So in any event, the defendant is

6   claiming that it did not intentionally or knowingly distribute

7   the plaintiff's products?

8        **MR. KELLY:**  That's correct, your Honor.  That is --

9   yes.

10       **MS. SAKALIAN GARIBYAN:**  But I would like the Court to

11  note that defendant continued to sell the product after it was

12  served with a summons and complaint, thereby effectively

13  putting them on notice that there would be an issue with the

14  product that they were selling.

15       **THE COURT:**  Okay.  Well, that is for another day in

16  terms of discussion.

17            Look, I think the parties need to try to resolve this

18  as quickly as possible.  The products are either counterfeit or

19  not and I think that's easily resolved.

20       **MR. KELLY:**  Well --

21       **THE COURT:**  Go ahead.

22       **MR. KELLY:**  Your Honor, if I may, now that I'm in Los

23  Angeles perhaps I can go to the plaintiff's office and see this

24  product.  The problem that we may run into is that I'm not sure

25  what I'm looking at.  I mean, they need to tell me what it is

1 about the product that's counterfeit.  To me, it's going to be
2 a piece of plastic that covers a phone.
3         **THE COURT:**  Well, they indicated that there would be
4 a -- if you stipulated to a protective order they would provide
5 you with the identifying markers.
6         **MR. KELLY:**  We'd be happy to stipulate to that.
7         **THE COURT:**  Okay.
8         **MR. KELLY:**  Your Honor, may I be heard on one other
9 issue?
10        **THE COURT:**  Yes.
11        **MR. KELLY:**  Heard on the issue if the case cannot be
12 resolved we would like to make a motion to remove it for non --
13 forum non conveniens.  My client is from Brooklyn, New York.
14 The plaintiff is from Colorado, a Colorado corporation.  The
15 only real connection to this courthouse is the fact that the
16 investigator was hired in Los Angeles to buy one product on
17 EBay.  So we would like to reserve that right if the case
18 cannot be resolved.
19        **THE COURT:**  Well, the other connection is that
20 counsel for plaintiff is in Los Angeles.
21        **MR. KELLY:**  Conveniently.
22        **THE COURT:**  Yes.  But you're at a scheduling
23 conference.  If you want to -- you know, why take up all of the
24 Court's time and come here for a scheduling conference if the
25 matter shouldn't be here in the first instance?

1   So, I'm just going to go ahead and set dates.  If you

2   have a motion to make, then the Court will consider a motion

3   but I think it probably comes late and the parties have

4   requested a trial date in August.  We can see if we have

5   another date in June or July.

6   **THE CLERK:**  We can do Tuesday, June 4th, 2013, at

7   9:00 o'clock a.m.

8   **MS. SAKALIAN GARIBYAN:**  Your Honor, I believe

9   plaintiff has another trial scheduled for that --

10   **THE COURT:**  I have four.

11   **MS. SAKALIAN GARIBYAN:**  I'm sorry?

12   **THE COURT:**  I have four set for that day.

13   **MS. SAKALIAN GARIBYAN:**  Well, okay.

14   **THE COURT:**  So, it's June 4th.

15   **MS. SAKALIAN GARIBYAN:**  At nine o'clock?

16   **THE CLERK:**  At nine o'clock a.m.

17   **THE COURT:**  Then we need pretrial.

18   **THE CLERK:**  It will be Tuesday, May 28th, 2013, at

19   9:00 o'clock a.m.

20   **THE COURT:**  Then we need a motion hearing cutoff.

21   **THE CLERK:**  Monday, April 15th, 2013, at 10:00

22   o'clock a.m.

23   **THE COURT:**  And discovery cutoff?

24   **THE CLERK:**  Will be March 4th, 2013.

25   **THE COURT:**  Now where was the product purchased?

8

1        **MS. SAKALIAN GARIBYAN:**  The product was purchased in
2   Los Angeles.
3        **THE COURT:**  In Los Angeles, okay.  Okay.  It's
4   referred to ADR.  So that will be early resolution hopefully.
5   Thank you.
6        **MS. SAKALIAN GARIBYAN:**  Thank you, your Honor.
7        **MR. KELLY:**  Thank you, your Honor.
8        **MR. SCHEWE:**  Thank you, your Honor.
9      **(Proceeding was adjourned at 9:08 a.m.)**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                October 5, 2012

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC