Edward P. Kelly, Esq. (*pro hac vice*)
Tiajoloff & Kelly LLP
The Chrysler Building-37th Fl.
405 Lexington Ave.
New York, NY 10174
Ph.: (212) 490-3285
Fax: (212) 490-3295
ekelly@tkiplaw.com

Edward C. Schewe, Bar No. 143554
Schewe & Associates
1600 Rosecrans Ave.
Manhattan Beach, CA 90266
Ph.: (310) 321-7892
Fax: (310) 321-7891
ed@schewelaw.com

Attorneys for Defendants
One Click Enterprises 1, Inc., and
Igor Zomin

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

---

Case No.: CV12-04193 SJO (SHx)

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company
Plaintiff,

v.

ONE CLICK ENTERPRISES 1, INC., A New York Corporation,
IGOR ZOMIN, JR., An Individual, and DOES 1-10, Inclusive,
Defendants.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER CASE**

Date: November 19, 2012
Time: 10:00 a.m.
Place: Courtroom 1
Judge: Hon. S. James Otero

TABLE OF CONTENTS
Page

I. INTRODUCTION……………………………………………………1
II. BACKGROUND …………………………………………..……….2
III. THE LAW-THE STANDARDS FOR TRANSFER…………………3
IV. THE RELEVANT FACTORS FAVOR TRANSFER IN THIS CASE …..…………………………………………………………… 4
   A. It Is Unlikely that the Critical Non-Party Witnesses Will Be Available to Testify if this Action Remains in the Central District of California…..……………………………………………..………… 4
   B. The Venue is Proper in the Eastern District of New York And the Action Might Have Been Brought in That District……….4
   C. The Convenience of the Parties and the Witnesses Would Be Served by Transferring the Action to the Eastern District of New York…………………………………………………………… 5
   D. A Substantial Part of the Events Giving Rise to Plaintiff's Claim Occurred in the Eastern District of New York ……………………7
   E. Plaintiff's Choice of Forum is Entitled to Less Deference Because Plaintiff is a Colorado Corporation with its Principal Place of Business in Colorado, not California ……………………………. 7
   F. The Location of Events and Sources of Proof Are In New York, Favoring a Transfer…………………………………………….. . 8
   G. Other Considerations In Favor of a Transfer…………………… 8
V. CONCLUSION……………………………………………………10

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                              <u>Page</u>

*Decker Coal Co. v. Commonwealth Edison Co.,*
805 F. 2d 834 (9th Cir. 1986)……………………………. ……………….. 4

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F. Supp.
503(C.D. Cal.1992)……… ………………… ……………………… 3, 4

*Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055
(1947)……….................................................................……..................... 4

*Raynes v. Davis*, 2007 U.S. Dist. LEXIS 85336 (C.D. Cal. 2007) ...........5

*Hernandez v. Graebel Van Lines,* 761 F. Supp. 983 (E.D.N.Y. 1991).. 6, 8

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S. Ct. 252,
70 L. Ed. 2d 419 (1981)…………………. ……………...…………. 3

<u>Statutes</u>

28 U.S.C. 1404……………………………………………………………… 1, 3

28 U.S.C. 1391(b)(1)…………………………………………………….. 4

## I. INTRODUCTION

This case should be transferred under 28 U.S.C 1404(a) from the Central District of California to the Eastern District of New York. The factors relevant to transfer overwhelming support Defendants' request for transfer, namely:

- Plaintiff is a Colorado Corporation and has a principal place of business in Colorado;
- The corporate Defendant One Click is a New York Corporation with a principal place of business in Brooklyn, New York, and resides in the Eastern District of New York;
- The individual Defendant Igor Zomin resides in Brooklyn, New York, within the Eastern District of New York;
- Upon information and belief, there are no third-party witnesses located in the Central District of California;
- Plaintiff's claim, without providing any support, that the Otter products that Defendants purchased from the New York distributors KDL Wireless and Elood Distributors, Inc. ("Elood") are counterfeit. Both KDL Wireless and Elood are New York corporations with their principal place of business in the Eastern District of New York;
- The key, third-party witnesses KDL Wireless and Elood would most likely be unavailable to testify in person if this case remains in the Central District of California and would not be subject to subpoena in the Central District of California;
- Upon information and belief, Plaintiff has "preferred" and authorized distributors located in the Eastern District of New York and New York is a large market for Plaintiff's business;
- Upon information and belief, Plaintiff does not manufacture any of its products in California;

- Plaintiff's expert, who will opine on the allegedly counterfeit nature of the product purchased from Defendants, is located in Colorado, not California;
- Upon information and belief, this case was only brought in California because Plaintiff's law firm is located there; and
- The majority of the relevant witnesses and the relevant sources of proof are located in the Eastern District of New York.

## II. BACKGROUND

Plaintiff alleges that Defendants sold counterfeit mobile phone cases bearing the Otter Mark. Plaintiff's claims are based on a single purchase by Plaintiff's investigator located in California of an allegedly counterfeit mobile phone case from Defendants on eBay. Preliminary settlement discussions with Plaintiff indicate that Plaintiff's counterfeit claim is based solely upon the inspection of the plastic front cover of the allegedly counterfeit case purchased from Defendants. The allegedly counterfeit nature of the plastic cover is purely latent and would not be apparent to anyone upon observation of the cover.

Plaintiff's counsel has informed Defendants, without providing any support, that the products bearing Plaintiff's trademark which Defendants purchased from KDL Wireless and Elood "must" be counterfeit because of prior information Plaintiff has obtained on these distributors. Elood and KDL Wireless are both New York companies with a principal place of business located in the Eastern District of New York. Accordingly, the testimony of these third-party distributors is critical to this action.

Defendants did not file a motion to transfer prior to this date due to Plaintiff's representations that documents evidencing the counterfeit nature of the product allegedly purchased from Defendants, including the basis for determining the counterfeit nature of the product, would be produced so that Defendants could

enter into a meaningful settlement negotiation with Plaintiff and attempt to resolve this issue prior to discovery. To that end, Defendants have produced voluminous records showing Defendants' purchase and sale of products bearing Plaintiff's Otter mark; however, Plaintiff has failed to provide a single document evidencing the counterfeit nature of the product allegedly purchased from Defendants. Defendants' counsel inspected the allegedly counterfeit product purchased from Defendants at Plaintiff's office; however, as mentioned above, the counterfeit nature of the product is not discernable by an inspection and Defendants' counsel was unable to detect any signs that the product was counterfeit or different from the "real" product.

Plaintiff's claim there is a characteristic of the plastic cover that reveals it is counterfeit. Plaintiff has represented that it would provide documentation describing the counterfeit nature of the product under a confidentiality agreement, but has not done so despite Defendants' repeated requests.

### III.   THE LAW-- THE STANDARDS FOR TRANSFER

For a motion to transfer pursuant to 28 U.S.C. § 1404(a), the moving party must establish that "(1) that venue is proper in the transferee district; (2) that the transferee district is one where the action might have been brought, and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice". *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992); *Piper Aircraft co. v. Reyno*, 454 U.S. 235, 241 (1981). Defendants satisfy this test.

The Ninth Circuit considers several factors, including "(1) plaintiff's initial choice of forum; (2) the convenience of the witnesses-- the ability to mandate the attendance of unwilling witnesses and the cost of obtaining willing witnesses; (3) where the events took place, and the relative ease of access to sources of proof; (4) convenience of the parties; and (5) all other practical considerations that make the

trial of a case easy, expeditious, and inexpensive". *Goodyear Tire & Rubber Co.,* 820 F. Supp. At 507 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F. 2d 834, 842-43 (9th Cir. 1986)).

IV. <u>THE RELEVANT FACTORS FAVOR TRANSFER IN THIS CASE</u>

A. <u>It Is Unlikely that the Critical Non-Party Witnesses Will Be Available to Testify if this Action Remains in the Central District of California</u>

The Eastern District of New York is the district in which Defendants would have access to key, third-party witnesses, namely, the distributors that Plaintiff claims sold counterfeit products bearing Plaintiff's trademarks to Defendants. It would be highly unlikely that Defendants would succeed in securing their presence in court as witnesses in the Central District of California. "[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947). These key witnesses would not be subject to subpoena in the Central District of California, but would be subject to subpoena in the Eastern District of New York. Moreover, any willing witness would be greatly inconvenienced in light of the cost and extensive travel time from New York to California.

B. <u>The Venue is Proper in the EDNY and the Action Might Have Been Brought in That District</u>

The Eastern District is a judicial district in which the action might have been

4

brought because 28 USC 1391 (b)(1) provides for venue in a judicial district in which any defendant resides if all defendants reside in the same district. This is the case here (*See* Declaration of Igor Zomin at ¶1 and 3).

Venue is also proper because a substantial part of the events giving rise to Plaintiff's claim occurred in the Eastern District of New York, which is where Defendants operate their business and where Defendants entered into agreements relevant to this action and purchased the products that Plaintiff claims are counterfeit. This is also the district where Defendants sell and ship its goods.

### C. The Convenience of the Parties and the Witnesses Would Be Served By Transferring the Action to the EDNY

The courts have held that one of, if not the most important factor to be considered, is that of the convenience of the witnesses. Defendants purchased the products that Plaintiff claims are counterfeit from KDL Wireless and Elood -- both of these companies are New York corporations with a principal place of business located in the Eastern District of New York. Preliminary settlement discussions revealed that Plaintiff is basing its allegation that Defendants have sold counterfeit products (other than the allegedly single counterfeit product purchased from Defendants by Plaintiff's investigator) on information Plaintiff claims it has obtained on Elood. Indeed, Plaintiff claims that products bearing its trademarks purchased from KDL Wireless and Elood must be counterfeit, although Plaintiff has not provided any support for this claim.

In reviewing the convenience of the third-party witnesses, the court considers the number of witnesses and the nature and quality of the witnesses' testimony. *Raynes v. Davis*, 2007 U.S. Dist. LEXIS 85336 (C.D. Cal. Nov. 19, 2007). Here, it is evident that the testimony of these third-party distributors, who are located in the Eastern District of New York, is critical to this case.

Moreover, Plaintiff has its principal place of business in Colorado, and upon information and belief, the majority of Plaintiff's witnesses are located and reside in Colorado. Plaintiff would be required to travel to California in any event for this action -- thus, travel to New York would not be a further imposition. However, to maintain this action in California would be a great inconvenience to the Defendants and non-party witnesses.

Defendants have limited resources and it would be burdensome to bring these witnesses to California. Defendant One Click is a small business employing only four employees (Zomin Decl. at ¶1). Courts may consider the relative size of each party's business in considering this factor. See, *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y 1991). In contrast to Defendants' limited resources, Plaintiff's counsel stated during the Local Rule 7-3 conference, (as a persuasive argument to Defendants' counsel to maintain the action in California) that if the action remained in California, Plaintiff would not have a problem traveling to New York for in-person depositions if that was a concern.

Plaintiff has tried to support its argument to maintain this Action in the Central District of California by noting that it intends to call as witnesses the third-party providers eBay, Inc. and PayPal because Defendants used their services in the sale of certain products. Upon information and belief, PayPal is is not located in the Central District of California, but has its headquarters in San Jose, CA, and their worldwide operations center in Omaha, Nebraska. Similarly, eBay is not located in the Central District of California and its headquarters are located in San Jose, California. In any event, it will not likely be necessary to call these witnesses for live testimony at trial as the records of these companies may be subpoenaed and authenticated prior to trial.

The transfer of this case to the Eastern District of New York would be more convenient for the parties and third-party witnesses and would not likely be a

significant inconvenience to Plaintiff given Plaintiff is not located in California in any event.

### D. A Substantial Part of the Events Giving Rise to Plaintiff's Claim Occurred in the Eastern District of New York

Plaintiff claims Defendants sold counterfeit accessories for mobile devices bearing Plaintiff's Otter marks from the Eastern District of New York. Plaintiff further claims that Defendants purchased the allegedly counterfeit goods from the distributors KDL Wireless and Elood, which are New York corporation located in the Eastern District of New York. Defendants operate their business in the Eastern District of New York and ship their products from New York. The relevant business transactions, documents, and witnesses as well as, all of the Defendants are located in the Eastern District of New York.

Moreover, Plaintiff has provided no evidence showing that any counterfeit product was sold in the Central District of California. In fact, Plaintiff only purchased a single product and to date Plaintiff has not provided any documents in support of the fact that this single product is counterfeit.

### E. Plaintiff's Choice of Forum is Entitled to Less Deference Because Plaintiff is a Colorado Corporation with its Principal Place of Business in Colorado, not California

It appears the only reason this action was brought in California is because Plaintiff's counsel has an office in this judicial district. Plaintiff will argue as a pretext that a substantial amount of business is conducted in California; however, Plaintiff appears to also conduct substantial business in New York. Indeed, one of its main and "preferred" distributors is located in the Eastern District of New York.

Upon information and belief, Plaintiff does not manufacture its Otter products in California or even in the U.S. Plaintiff is a Colorado corporation with its principal place of business in Fort Collins, Colorado, and upon information and belief, the majority of Plaintiff's employees are located and reside in Colorado. Additionally, Plaintiff's expert who will opine on the allegedly counterfeit nature of the product allegedly purchased from Defendant is located in Colorado, not California.

Plaintiff does not have a reason to keep the case in the Central District of California, and based on the foregoing, the location of Plaintiff's counsel should be given little deference. *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y 1991).

F. <u>The Location of Events and Sources of Proof Are In New York, Favoring a Transfer</u>

Defendants' relevant documents and inventory and the records of the two critical, third-party witnesses, KDL Wireless and Elood Distributors, are located in the Eastern District of New York. Moreover, the complaint alleges that the infringing activity of passing the counterfeit took place in New York where Defendants purchased the allegedly infringing products.

G. <u>Other Considerations In Favor of a Transfer</u>

Plaintiff has not acted in good faith. As discussed in detail below, Defendants did not bring an earlier motion to transfer this action due to Plaintiff's representations that certain documents regarding the counterfeit nature of the product allegedly purchased from Defendants would be disclosed so that the parties could enter into a meaningful settlement discussion.

8

Defendants agreed to enter into good faith settlement negotiations to attempt to resolve this action before the case proceeded to discovery. In that good faith attempt, Defendants supplied Plaintiff with all of its documents relating to Defendants' sale and/or purchase of products bearing Plaintiff's Otter mark, including Defendants' purchases from KDL Wireless and Elood. In exchange, Plaintiff agreed to produce the expert report evidencing the counterfeit nature of the product allegedly purchased from Defendants. To date, Plaintiff has failed to produce a single document evidencing the counterfeit nature of the product allegedly purchased from Defendants. In fact, Plaintiff has not produced one document evidencing the counterfeit nature of the single product allegedly purchased from Defendants or that the distributors Elood and KDL Wireless sell or have sold counterfeit products.

Defendants' counsel has made every effort to obtain information evidencing the counterfeit nature of the product allegedly purchase from Defendants. Defendants' counsel made several requests in person and by phone for these documents. Defendants' counsel also provided Plaintiff's counsel with a proposed protective Order in the event any information revealed in the report was confidential (with no response from Defendants' counsel until over a month later when Plaintiff's counsel provided their version of a protective Order on October 15, 2012). In addition, Defendants' counsel traveled to the office of Plaintiff's counsel after the court conference of September 10, 2012 to view the allegedly infringing product and to obtain the expert report, but was not provided any information evidencing the counterfeit nature of the product despite Plaintiff's representations to Defendants and the Court that such information would be disclosed either at the time of inspection or shortly thereafter.

The equitable factors favor transfer as the Plaintiff has not complied with its representations that were made to Defendants and to the Court which would have allowed the parties to engage in a good faith settlement negotiation. Moreover,

discovery has not commenced and Plaintiff would not be prejudiced by transfer. Transfer would allow the case to proceed more efficiently at trial and better serve the interest of justice.

## V. CONCLUSION

For the foregoing reasons, it is respectfully requested that this action be transferred to the Eastern District of New York.

Respectfully submitted,

_/s/ Ed Kelly_

Edward P. Kelly, (pro hac vice)
Tiajoloff & Kelly LLP
The Chrysler Building-37th Fl.
405 Lexington Ave.
New York, NY 10174
Ph.: (212) 490-3285
Fax: (212) 490-3295
ekelly@tkiplaw.com

Edward C. Schewe, Bar. No. 143554
Schewe & Associates
1600 Rosecrans Ave.
Manhattan Beach, CA 90266
Ph.: (310) 321-7892
Fax: (310) 321-7891
ed@schewelaw.com

Attorneys for Defendants
One Click Enterprises 1, Inc.,
and Igor Zomin