| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** <u>CV 12-04193 SJO (SHx)</u>     **DATE:** <u>November 20, 2012</u>

**TITLE:**     <u>Otter Products, LLC v. One Click Enterprises 1, Inc., et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER THE CASE** [Docket No. 28]

This matter is before the Court on Defendants Igor Zomin, Jr. ("Zomin") and One Click Enterprises 1, Inc.'s ("One Click") (collectively, "Defendants") Motion to Transfer the Case Pursuant to 28 U.S.C. § 1404(a) ("Motion"), filed on October 18, 2012. Plaintiff Otter Products LLC ("Plaintiff") filed an Opposition to Defendants' Motion ("Opposition") on October 29, 2012. Defendants filed a Reply to Plaintiff's Opposition ("Reply") on November 5, 2012. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for November 19, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendants' Motion is **GRANTED**.

I.     <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

Plaintiff is a Colorado limited liability company with its principal place of business in Fort Collins, Colorado. (Compl. ¶ 1.) One Click is a New York corporation with its principal place of business in Brooklyn, New York. (Compl. ¶ 2.) Zomin is an individual residing in Brooklyn, New York, and the sole owner of One Click. (Compl. ¶ 3; Decl. of Ani S. Garibyan in Supp. of Opp'n ("Garibyan Decl.") ¶ 3, ECF No. 33-1.)

Plaintiff is the owner of the OtterBox trademark, which it uses to market protective carrying cases for smartphones and tablets. (Compl. ¶ 14.) Plaintiff manufactures its OtterBox products outside the United States (Decl. of Edward C. Schewe in Supp. of Mot. ("Schewe Decl.") ¶ 6, ECF No. 32), but is headquartered in Colorado (Compl. ¶ 1), and has approximately thirty field-based employees who work in states across the country, including within California (Decl. of Christopher Jones in Supp. of Opp'n ("Jones Decl.") ¶ 4, ECF No. 33-3). Plaintiff sells its OtterBox products through retailers such as AT&T, Verizon, Sprint, Best Buy, Radio Shack, and WalMart. (Jones Decl. ¶ 2.) Plaintiff also sells its products online through its website. (Opp'n 3.) Plaintiff's sales to California through its website are consistently the third highest of any state. (Opp'n 3; Decl. of Kimberly Greenlee in Supp. of Opp'n ("Greenlee Decl.") ¶¶ 2-3, ECF No. 33-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-04193 SJO (SHx)</u>   DATE: <u>November 20, 2012</u>

Defendants have four employees, and maintain a webpage on eBay.com ("eBay") under the user name "oriongadgets." (Compl. ¶ 25; Decl. of Def. Igor Zomin in Supp. of Mot. ("Zomin Decl.") ¶ 1, ECF No. 30) From 2007 to 2012, Defendants regularly advertised, marketed, and distributed allegedly unauthorized OtterBox products through eBay and other similar websites. (Compl. ¶ 25.) During that time, Defendants sold at least 5,764 units of OtterBox products to buyers in the United States and internationally. (Garibyan Decl. ¶ 17.) No less than 4,347 units were sold to buyers in California. (Garibyan Decl. ¶ 18.)

Defendants purchased Plaintiff's products from five different suppliers: Superior Communications, Inc. ("Superior"); NuCourse Distribution, Inc. ("NuCourse"); Voice Comm, LLC ("Voice Comm"); Elood Distributors, Inc. ("Elood"); and KDL Wireless, Inc. ("KDL"). (Garibyan Decl. ¶ 23.) Superior and NuCourse are California corporations with their principal places of business in the Central District of California ("CDCA"). (Garibyan Decl. ¶¶ 24-25.) They are among Plaintiff's preferred distributors. (Opp'n 3.) Voice Comm is a New Jersey limited liability company with its principal place of business in Pennsauken, New Jersey. (Garibyan Decl. ¶ 26.) Elood and KDL are both New York corporations with principal places of business in the Eastern District of New York ("EDNY"). (Garibyan Decl. ¶¶ 27-28.) Because Superior and NuCourse are Plaintiff's "preferred and authorized" distributors, the authenticity of the goods purchased from these distributors are not in question. (Reply 3.) Rather, the only goods disputed as counterfeit are those purchased from Elood and KDL. (Zomin Decl. ¶ 6.) The transactions and agreements related to the products purchased from Elood and KDL took place in New York. (Zomin Decl. ¶ 7.)

On April 9, 2012, Plaintiff purchased an Otterbox product ("Subject Product") from Defendants in order to verify its authenticity. (Compl. ¶ 27.) Plaintiff purchased the Subject Product through eBay and paid for it via Plaintiff's PayPal electronic payment account. (Compl. Ex. G.) Plaintiff had the Subject Product sent to an investigator in the CDCA. (Opp'n 4; Garibyan Decl. ¶ 5.) Subsequently, Plaintiff's Brand Protection Manager, located in Colorado, inspected the Subject Product and confirmed that it was counterfeit. (Opp'n 4; Decl. of John McKinney in Supp. of Opp'n ("McKinney Decl."), ECF No. 33-2.)

Plaintiff filed the instant action on May 14, 2012, alleging (1) trademark infringement under the Latham Act, 15 U.S.C. § 1115; (2) false designation of origin under 15 U.S.C. § 1125; (3) trademark dilution under 15 U.S.C. § 1125; (4) unfair business practices under California Business and Professions Code section 17200; (5) unjust enrichment; and (6) declaratory relief. (*See generally* Compl.) Defendants filed their present Motion on October 18, 2012.

II.   <u>DISCUSSION</u>

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer a civil case to any other district where it could have originally been filed. 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404, a court must conduct a two part analysis to determine if transfer is appropriate. *Kierstead v. Experian Info. Solutions, Inc.*, No. CV 10-1694,

Case 2:12-cv-04193-SJO-SH   Document 38   Filed 11/20/12   Page 3 of 10   Page ID #:280

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 12-04193 SJO (SHx)**          DATE: **November 20, 2012**

2011 WL 1375361, at *1 (C.D. Cal. Apr. 11, 2011). As a preliminary matter, a court must determine whether the action could have originally been filed in the transferee court. *Id.* And second, the court "performs an 'individualized, case-by-case determination of convenience and fairness' to determine whether the case should be transferred." *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The moving party bears the burden of showing that transfer is appropriate and must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### A.   Propriety of Venue in the Transferee Court

In order to establish that Plaintiff's action might have been brought in the transferee court (here the EDNY), Defendants must show that at the time the lawsuit was filed (1) the proposed transferee court possessed subject matter jurisdiction over the action; (2) venue would have been proper in the transferee court; and (3) Defendants would have been subject to personal jurisdiction in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *see also Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, CV 07-3880, 2007 WL 4144892, at *3 (C.D. Cal. Nov. 13, 2007).

Here, neither party disputes that this action could have been brought in the EDNY. First, the EDNY would have had federal question jurisdiction over the present cause of action. *See* 28 U.S.C. § 1338. Second, venue is proper in the EDNY because both Defendants are located in that judicial district. *See* 28 U.S.C. § 1391. Finally, a District Court for the EDNY would have personal jurisdiction over Defendants because they reside in New York. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Consequently, the action could have originally been filed in the EDNY.

### B.   Convenience and Fairness

"Once a court determines that an action 'might have been brought' in the potential transferee court, the court must make an 'individualized, case-by-case determination of convenience and fairness'" by considering various private and public interests. *Fontaine v. Wash. Mut. Bank, Inc.*, No. CV-08-5659, 2009 WL 1202886, at *3 (C.D. Cal. Apr. 30, 2009) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)). The Ninth Circuit has described this test as follows:

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling

> non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones*, 211 F.3d at 498-99 (footnotes omitted). *See also F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 1081, 1086 (C.D. Cal. 2009).

Defendants argue that the case should be transferred to the EDNY because venue is proper in the EDNY, the action might have originally been brought in the EDNY, transfer would serve the convenience of the parties and witnesses, and transfer would be in the interest of justice. (Mot. 3.) Defendants argue that the following factors weigh in favor of transfer: (1) critical non-party witnesses will likely be unavailable to testify and will not be subject to subpoena in the CDCA; (2) Plaintiff chose a foreign forum; (3) a substantial part of the events giving rise to Plaintiff's claim occurred in the EDNY; (4) Defendants' inventory is located in New York; and (5) Plaintiff is a large company that would not be inconvenienced by litigating in a foreign forum while Defendant is a small company with limited resources and would be inconvenienced by litigation in California. (Mot. 4-8.)

Plaintiff contends that transfer is inappropriate because it is contrary to the convenience of the parties and is not in the interest of justice. (*See generally* Opp'n.) Specifically, Plaintiff argues that Plaintiff's choice of forum should be given great deference, Defendants' inconvenience should not be afforded any weight because Defendants' actions gave rise to the lawsuit, Defendants have two suppliers in California, and Plaintiff has already issued subpoenas to both eBay and Paypal, which are located in California. (Opp'n 8-11.)

### 1. The Location of Relevant Agreements

The first factor contemplates the location where the relevant agreements were negotiated and executed. This factor is inapplicable to non-contract claims. *Compare Zumba Fitness, LLC v. Brage*, No. CV 11–5361, 2011 WL 4732812, at *7 (C.D. Cal. Oct. 6, 2011) (not considering this factor in a suit raising a trademark infringement claim) *with Jones*, 211 F.3d at 499 (considering this factor in a suit raising a breach of written agreement claim). The parties to this lawsuit never entered into a contract and therefore this factor is inapplicable.

### 2. State Most Familiar With Governing Law

The second factor contemplates which forum is most familiar with the governing law. Neither party contends that this factor is at issue. (*See generally* Mot.; Opp'n 9.) Plaintiff's cause of action arises under the Lanham Act, 15 U.S.C. § 1115. (*See generally* Compl.) Because Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-04193 SJO (SHx)                    DATE: November 20, 2012

cause of action arises under federal law, the Central District of California and the EDNY are equally capable of handling Plaintiff's claims against Defendant. Therefore, this factor is neutral.

### 3. Plaintiff's Choice of Forum

The third factor considers Plaintiff's choice of forum. As a general rule, courts must give great deference to a plaintiff's choice of forum. *Decker Coal*, 805 F.2d 834, 843 (9th Cir. 1986). The presumption in favor of a plaintiff's choice of forum is applied with less force, however, when the plaintiff is foreign. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Allstar Mktg. Grp. LLP v. Your Stor Online LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) ("A plaintiff's choice of forum is entitled to less deference, however, when the plaintiff elects to pursue a case outside its home forum."). While Plaintiff is entitled to deference, this deference is weaker than it might be because Plaintiff chose to bring this case in a foreign forum. Accordingly, this factor weighs against transfer, but only slightly.

### 4. Parties' Contacts With Forum

The fourth factor considers the parties' contacts with the forum. When both parties have substantial contacts with the plaintiff's chosen forum, transfer is disfavored. *See, e.g.*, *Jones*, 211 F.3d at 499. In the instant case, both parties have contacts with the CDCA. Plaintiff employs at least one individual in the state of California. (Jones Decl. ¶ 2.) Plaintiff also has two "preferred distributors" located in the CDCA. (Jones Decl. ¶¶ 5-6.) Additionally, Plaintiff has partnered with a company located in Santa Barbara for a joint venture unrelated to the present action. (Opp'n 3.) Finally, Plaintiff sells a considerable number of its products to consumers in California. (Greenlee Decl. ¶¶ 2-3.) Defendants also have contacts with the CDCA. Defendants have identified five different suppliers of OtterBox products, including two California corporations with principal places of business in the CDCA. (Garibyan Decl. ¶¶ 23-25.) Because both parties have contacts with the CDCA, this factor weighs against transfer.

### 5. Contacts Relating to Plaintiff's Cause of Action In Forum

The fifth factor contemplates the parties' contacts in the forum that relates to Plaintiff's cause of action. As discussed above, transfer is disfavored when both parties have substantial contacts with the forum. This is especially true if those contacts relate to Plaintiff's cause of action. *See Jones*, 211 F.3d at 499; *Global Decor, Inc. v. Cincinnati Ins. Co.*, No. CV 11–2602, 2011 WL 2437236, at *4 (C.D. Cal. June 16, 2011) (holding that transfer was appropriate even though the movant was registered to do business in the forum state, defended lawsuits in the forum state, and

Case 2:12-cv-04193-SJO-SH Document 38 Filed 11/20/12 Page 6 of 10 Page ID #:283

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-04193 SJO (SHx)                    DATE: November 20, 2012

sold insurance in the forum state because the movant was a global corporation that had similar contacts elsewhere, and the listed contacts had no relation to the case).

Here, Plaintiff has few contacts with the CDCA that pertain to this action. Plaintiff is a Colorado corporation that manufactures its products outside of the United States. (Schewe Decl. ¶ 6.) In fact, Plaintiff's only connection to the CDCA in relation to this action is the fact that Plaintiff's investigator is located in the CDCA. However, the investigator appears to have played no role in this action other than to receive the Subject Product. (*See generally* Compl.; Opp'n.) Instead, Plaintiff's Brand Protection Manager, located in Colorado, actually inspected the product and produced a declaration testifying that the product was counterfeit. (Schewe Decl. ¶ 4; McKinney Decl. ¶ 10.) Because Plaintiff could have had the product sent to Colorado given that Defendants ship to all fifty states and Canada (Opp'n Ex. A, at 2), the Court gives little weight to the fact that the investigator was located in California.

Defendants also have limited contacts with the CDCA that relate to this action. While Defendants have two suppliers located in the CDCA (Garibyan Decl. ¶ 23), these suppliers did not provide the goods subject to this action (Zomin Decl. ¶ 6). It is true that Defendants sold the Subject Product to Plaintiff's investigator in California. However, considering that Plaintiff has not explained its choice to ship the Subject Product to California, the Court does not find that Defendants connection with California substantial enough to outweigh Plaintiff's lack of contacts with California. Accordingly, this factor is neutral.

### 6. Differences in Costs in Litigation in Both Forums

The sixth factor is the difference in costs of litigation between the two forums. Among other considerations, a court must contemplate the convenience of all witnesses, considering that litigation costs are typically reduced when venue is located near the majority of the witnesses expected to testify. *See Global Decor*, 2011 WL 2437236, at *4. The relative convenience to the witnesses is often considered the most important factor in a § 1404 analysis. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). "In balancing the convenience of witnesses, courts must consider not only the number of witnesses, but also the nature and quality of their testimony." *Id.* (internal quotation marks omitted). The convenience of non-party witnesses is a more important factor than the convenience of party witnesses. *Id.*

#### a. Non-Party Witnesses

Defendants argue that there are two critical non-party witnesses to this case: KDL and Elood. (Mot. 5.) Plaintiff has alleged in prior settlement discussions that KDL and Elood supplied the counterfeit products. (Zomin Decl. ¶ 6.)

Plaintiff contends that the Court should deny transfer because it has already issued subpoenas to eBay and PayPal, which are located in California. (Opp'n 9.) However, Plaintiff's argument is

Case 2:12-cv-04193-SJO-SH Document 38 Filed 11/20/12 Page 7 of 10 Page ID #:284

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-04193 SJO (SHx)          DATE: November 20, 2012

unconvincing for two reasons. First, eBay and PayPal are headquartered in San Jose, California, which is outside of the CDCA. Second, it appears that Plaintiff only seeks documentation regarding Defendant's internet transactions. (Opp'n 4.) This type of documentation is "completely mobile." *Niagra Bottling, LLC v. Orion Packaging Sys., LLC*, No. EDCV 12–00498, 2012 WL 1747398, at *6 (C.D. Cal. May 14, 2012). Because the cost of flying individuals from New York to California is substantially more expensive than the cost of sending documents from California to New York, it would be much less expensive to litigate this case in the EDNY. This consideration therefore weighs in favor of transfer.

b.      Party Witnesses

Defendants argue that transfer is appropriate for the convenience of party witnesses because (1) Plaintiff has a principal place of business in Colorado, so it is just as convenient for Plaintiff to travel to New York as it is for Plaintiff to travel to California; and (2) Defendants have limited resources and it would be burdensome to bring witnesses to California. (Opp'n 6.) Plaintiff counters that a transfer this late in the litigation process will be an inconvenience to all parties because a scheduling order has already been issued, mediation has been tentatively arranged, and discovery has been propounded. (Opp'n 8.)

For a court to grant a motion to transfer, the proposed transfer must eliminate inconvenience rather than shift convenience from one party to the other. *Decker Coal*, 805 F.2d at 843. There are two relevant factors to consider in this case. The court must assume that unreasonable delay caused by transfer will necessarily result in injury and inconvenience to the parties and therefore the court must consider the duration of the pendency of the litigation prior to the motion to transfer. *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 968 (9th Cir. 1978); *Barnstormers, Inc. v. Wing Walkers LLC*, No. 09-cv-2367, 2010 WL 2754249 (S.D. Cal. July 9, 2010). Second, the court must consider that a large corporation is much less likely to be inconvenienced by litigating in a foreign forum than a small corporation. *Zumba Fitness*, 2011 WL 4732812, at *7. This is particularly true when the large corporation initially chose a foreign forum and the small corporation's business operations would halt as the result of its limited human capital being called to a foreign forum. *Id.*; *see also Allstar*, 666 F. Supp. 2d at 1131. The Court will discuss each factor in turn.

Delay weighs against transfer if it is substantial and the case is nearing its conclusion. *See Moore*, 589 F.2d at 968 (holding that defendant's delay of six years before bringing a motion to transfer venue weighed against granting the transfer); *see also Kasey v. Molybdenum Corp. of Am.*, 408 F.2d 16, 20 (9th Cir. 1969) (holding that defendant's delay of nine years before bringing a motion to transfer venue weighed against granting the transfer); *c.f. Barnstormers, Inc.*, 2010 WL 2754249, at *2 (holding that delay did not weigh against transfer when the case had been pending for two months and no discovery cutoff date or date for trial had been set). Here, the case has only been pending for five months. (*See generally* Compl.) While a scheduling order was issued on September 10, 2012, it did not set the discovery cut-off date until March 4, 2013, the motion hearing cut-off date until April 15, 2013, and the jury trial date until June 4, 2013. (Mins. of

CASE NO.: <u>CV 12-04193 SJO (SHx)</u>     DATE: <u>November 20, 2012</u>

Scheduling Conference, ECF No. 21.) Therefore, the lawsuit is not nearing its conclusion, and accordingly there is no unreasonable delay that would result in increased litigation costs.

In addition, in conducting its analysis of convenience, a court may also consider the relative size of the parties' businesses. *Allstar*, 666 F. Supp. 2d at 1131. In *Allstar*, while the defendant company specialized in selling products that infringed on the plaintiff's trademark, it only had two employees and operated solely online. *Id.* at 1116. In contrast, Allstar was the manufacturer and distributor of the "Snuggie" product, which was featured on several T.V. shows and in the New York Times. *Id.* The court concluded that even though defendants were already engaged in litigation in California, given that both employees would have to travel to California for the pending litigation, their business would be disrupted. *Id.* at 1132. Accordingly, this factor weighed slightly in favor of transfer.

The Court finds the instant case similar to *Allstar*. While Defendants specialize in selling OtterBox products, Defendants only have four employees, operate solely online, and have sold only 5,764 OtterBox products through eBay in the past five years. (Opp'n Ex. G; Garibyan Decl. ¶¶ 17, 23.) By contrast, Plaintiff has approximately thirty field-based sales and marketing employees (Jones Decl. ¶ 4), is a "leading retailer" in its industry (Compl. ¶ 13), has placed its products with major retailers such as AT&T, Verizon, Sprint, Best Buy, Radio Shack, and Walmart (Jones Decl. ¶ 2), and has been recognized as the "Best Mobile Case Brand" by About.com. (Compl. ¶ 17). Additionally, Plaintiff has allegedly stated that it would not have a problem traveling to New York for in person depositions. (Mot. 6.) Because Plaintiff is a much larger company than One Click, and because transfer would not cause undue delay, the Court concludes that it would be more convenient and less of a financial burden on the parties to litigate in the EDNY. Accordingly, this factor weighs in favor of transfer.

       7.    <u>Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses</u>

The seventh factor contemplates whether either forum has a compulsory process to compel attendance of unwilling non-party witnesses. Defendants argue that the key witnesses (here KDL and Elood) are located in the EDNY, likely would not be willing to testify in California, and would not be subject to subpoena in the CDCA. (Mot. 4.) Plaintiff argues that Defendants failed to mention their California suppliers. (Opp'n 8-9.) As discussed above, Defendants do not intend to solicit testimony from their California suppliers because those suppliers' actions are not subject to this action. (Zomin Decl. ¶ 7.) On the other hand, Defendants' New York suppliers allegedly provided Defendants with counterfeit products. (Zomin Decl. ¶ 7.) Therefore, testimony from the New York suppliers is necessary. Accordingly, this factor weighs in favor of transfer.

       8.    <u>Ease of Access to Sources of Proof</u>

Case 2:12-cv-04193-SJO-SH Document 38 Filed 11/20/12 Page 9 of 10 Page ID #:286

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-04193 SJO (SHx)</u>　　　　DATE: <u>November 20, 2012</u>

The eighth factor considers the parties' ease of access to sources of proof. Defendants argue that relevant documents, Defendants' inventory, and KDL and Elood's records are all located in the EDNY. (Mot. 8.) Plaintiff argues that eBay and PayPal, both headquartered in San Jose, California, are in possession of important sources of proof. (Opp'n 9.) Plaintiff also contends that the counterfeit OtterBox case purchased from Defendants is in California. (Opp'n 9.)

The "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz*, 674 F. Supp. 2d at 1149 (quoting *Szegedy v. Keystone Food Prods., Inc.*, No. CV 08–5369, 2009 WL 2767683, at *6 (C.D. Cal. Aug. 26, 2009)). However, the possibility that documents can easily be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case is litigated in the forum where the evidence is located. *Global Decor*, 2011 WL 2437236, at *5.

Apart from Defendants' inventory and the allegedly counterfeit OtterBox case, it appears that the various sources of proof in this case are documents, and thus completely mobile. *Niagra Bottling*, 2012 WL 1747398, at *6. While there is no indication of how important Defendants' inventory is, it is likely less convenient to transfer inventory to a new forum than it is to transfer one cell phone case. Therefore, this factor slightly favors transfer.

　　　　　　　　　9.　　<u>Public Policy of Forum State</u>

The ninth factor contemplates which potential forum has a greater interest in resolving the litigation. *Zumba Fitness*, 2011 WL 4732812, at *7. Plaintiff contends that the CDCA has a greater interest in the outcome of the case than the EDNY does because Plaintiff was harmed in California, Plaintiff's employees in California were harmed by Defendants actions, and Defendants utilized the services of two corporations headquartered in California. (Opp'n 10-11.) Defendants contend that the EDNY has a greater interest in the outcome of the case than the CDCA because Defendants entered into the allegedly illegal transactions in the EDNY, operated an allegedly illegal business in the EDNY, and purchased allegedly counterfeit products from distributors in the EDNY. (Reply 4.) On this front, the EDNY has a greater interest in the outcome of this case because the underlying transactions occurred in the EDNY. (Reply 4.)

Both potential forums have an additional interest in the outcome of the case here because they share interests in protecting their citizens from consumer confusion. *Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000); *CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 149 (E.D.N.Y. 2011). While both forums have an interest in protecting consumers from Defendants' allegedly counterfeit products, California has a greater interest in the outcome of this case because of the 5,764 units of Defendants' products sold through eBay, over 4,000 were sold to California consumers. (Garibyan Decl. ¶¶ 17, 18.) By contrast, it is not clear how many, if any, products were sold to consumers in the EDNY. (*See generally* Mot.; Opp'n; Reply.) Therefore, the CDCA's interest in protecting its citizens from Defendant's allegedly

Case 2:12-cv-04193-SJO-SH Document 38 Filed 11/20/12 Page 10 of 10 Page ID #:287

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-04193 SJO (SHx)</u>  DATE: <u>November 20, 2012</u>

counterfeit products outweighs the EDNY's interest in the same. *See Zumba Fitness*, 2011 WL 4732812, at *7.

Both forums have interests in the outcome of this case. Balancing the strong interest that the EDNY has in preventing fraudulent transactions such as the one in this case with the strong interest that the CDCA has in protecting its citizens from consumer confusion, the Court finds that this factor is neutral.

          10.     <u>Balance of Factors</u>

While Plaintiff's choice of forum and the parties' contacts with the forum weigh against transfer, Plaintiff's contacts with the forum relating to its cause of action, the differences in costs of litigation between the forums, the availability of a compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof all favor transfer. Because the factors favoring transfer far outweigh the factors disfavoring transfer, the Court finds that it is in the interest of justice and in the convenience of the parties to transfer the case to the EDNY.

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion and **TRANSFERS** this case to the United States District Court for the Eastern District of New York.

IT IS SO ORDERED.